United States District Court
Southern District of Texas
**ENTERED**
May 29, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MOISES CANDANOZA, JR., §<br>Plaintiff, §<br>§<br>v. §<br>§<br>WELLS FARGO BANK, N.A. AS §<br>TRUSTEE FOR THE POOLING AND §<br>SERVING AGREEMENT DATED AS §<br>OF MAY 1, 2005 PARK PLACE §<br>SECURITIES INC. ASSET-BACKED §<br>PASS-THROUGH CERTIFICATES §<br>SERIES 2005-WHQ3, PPH §<br>MORTGAGE CORPORATION, §<br>OCWEN LOAN SERVICING LLC, §<br>AND JULIE MARTIN, MONTE §<br>KEITH MARTIN, DAVID KARLE, §<br>W.D. LAREW OR MICHAEL ZIENTZ §<br>SUBSTITUTE TRUSTEES. §<br>Defendants. § | | Civil Action No. 1:20-cv-023 |

## MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

The Court is in receipt of Plaintiff Moises Candanoza Jr.'s "Original Petition and Request for Temporary Restraining Order and Temporary Injunction" (hereinafter, Candanoza's "Petition"). Dkt. No. 1. It is recommended that: (1) Candanoza's Petition be **DISMISSED WITH PREJUDICE**, and (2) the Clerk of Court be **DIRECTED** to **CLOSE** this case.

### I. Jurisdiction

This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.

## II.     Background and Procedural History

On or about November 23, 2004, Candanoza executed a Promissory Note ("Note") in the amount of $142,000 that was secured by real property located at 721 E. East Madison Avenue, Harlingen, Texas 78550 (the "Property"). Dkt. No. 1-3 at 4. Wells Fargo Bank, PPH Mortgage, and Ocwen Loan Servicing are holders of the Note. *Id.* Under the terms of the Note, Candanoza was required to make monthly payments in the amount of $1,160. *Id.* Candanoza avers that the Property is his homestead; it was scheduled for foreclosure on February 4, 2020. *Id.*

Candanoza claims that he made the requested monthly payments for the last fifteen years, but recently missed several payments "due to unexpected circumstances." Dkt. No. 1-3 at 4. However, Candanoza also claims that he already paid the full amount of the loan, including interest, that totaled $178,942. *See id.* Candanoza alleges that PPH Mortgage and Ocwen Loan Servicing have refused to remove inaccurate fees and other expenses that inflated the overall balance due. *Id.* at 5. To prevent foreclosure, Candanoza sought a balance pay-off settlement and loan modification with PPH Mortgage and Ocwen Loan Servicing. *See* Dkt. No. 1-3 at 5. Candanoza also asserts that "Plaintiffs never received a demand letter from Defendants putting Plaintiffs on notice of demand for late and missed payments or intent to accelerate if not cured." *See id.* (errors in original).

On February 4, 2020, Candanoza filed an Original Petition ("Petition") in the 404th Judicial District Court of Cameron County, Texas. Dkt. No. 1-3 at 2. In his Petition, Candanoza claims that foreclosure must be stayed because he was not

properly served by Wells Fargo Bank, PPH Mortgage, Ocwen Loan Servicing and Substitute Trustees Julie Martin, Monte Keith Martin, David Karle, W.D. Larew, and Michael Zientz (hereinafter, collectively, the "Defendants"). *Id.* at 6. Candanoza argued that he would suffer irreparable harm if the 404th Judicial District Court did not issue a temporary restraining order to prevent the foreclosure of the Property. *Id.* According to Candanoza, Defendants did not follow Texas law which requires the lender to send the borrower a notice of default and intent to accelerate. *Id.* Candanoza seeks several forms of relief: (1) a temporary restraining order; (2) a temporary injunction; (3) setting aside any foreclosure sale; (4) actual damages; (5) attorney's fees; and (6) other costs. *Id.* at 8–9.

On February 14, 2020, Defendants timely filed a "Notice of Removal" from the 404th Judicial District to this Court based on federal question and diversity jurisdiction. *See* Dkt. Nos. 1, 1-3. Candanoza did not file a response or objection to Defendants' removal; the period to file a motion to remand has passed.

The Court issued an Order for a Status Hearing, which was later canceled due to the Covid-19 Virus. *See* Dkt. Nos. 4, 7. Consequently, the Court issued an Order to Show Cause, directing Candanoza to advise the Court on whether he intends to prosecute his case. Dkt. No. 7. However, the Court discovered that its Order for a Status Hearing was returned as unclaimed. Dkt. No. 9. The Court notified Candanoza of his duty to update his address and ordered him to inform the Court as to whether he wished to proceed with his claims. Dkt. No. 10. The Clerk of Court mailed Candanoza a copy of that Order via Certified Mail, return receipt requested,

to his last known address.  Dkt. No. 11.  Candanoza has not responded to the Court's Order on whether he intends to prosecute his claims, and he has not verified his current mailing address.  Additionally, Candanoza has not filed a response or any documents in the above-captioned case, since its removal to this Court.

### III.   Legal Standard

Rule 41 of the Federal Rules of Civil Procedure states that if a plaintiff fails to comply with a court order, dismissal of the action is proper, and that the dismissal acts as an adjudication on the merits.  *See* FED. R. CIV. P. 41(b).  Despite Rule 41(b) contemplating dismissal upon defendant's motion, a court has the power to dismiss *sua sponte*.  *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 49, 111 S. Ct. 2123, 113 L. Ed. 2d 27 (1991); *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962); *McNeal v. Papasan*, 842 F.2d 787, 789 (5th Cir. 1988).

### IV.   Discussion

Candanoza has not updated or confirmed his address, filed any other documents, or otherwise inquired into the status of his case.  The Court issued an Order to Show Cause to ascertain whether Candanoza wished to continue prosecuting his claims.  *See* Dkt. Nos. 7, 10.  The Order to Show Cause was sent to Candanoza's last known address of record.  *See* Dkt. No. 10.  Candanoza had until May 15, 2020 to respond.  *Id.*  The deadline to respond to the Court's Order has passed.  Therefore,

Candanoza's claims should be dismissed pursuant to Rule 41(b) for failing to abide the Court's Order.

## V. Recommendation

For the foregoing reasons, it is recommended that: (1) Candanoza's Petition be **DISMISSED WITH PREJUDICE**, and (2) the Clerk of Court be **DIRECTED** to **CLOSE** this case.

**SIGNED** on this 29th day of May, 2020, at Brownsville, Texas.

_____
**Ignacio Torteya, III**
**United States Magistrate Judge**